# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRENDA PUIDOKAS,** | : | No. 3:09cv2147 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| **RITE-AID OF PENNSYLVANIA, INC.,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the defendant's motion to dismiss the plaintiff's amended complaint. (Doc. 9). The motion has been briefed and is ripe for disposition.

## BACKGROUND

This is a civil rights action brought by Plaintiff Brenda Puidokas ("Puidokas") against Defendant Rite Aid of Pennsylvania, Inc. ("Rite Aid") for violation of Title VII of the Civil Rights Act of 1964. Puidokas worked for Rite Aid from January 18, 2006 to December 18, 2006. (Amended Complaint at ¶ 14 (Doc. 6)). Puidokas's daughter also worked for Rite Aid. (Id. at ¶ 15).

Puidokas alleges that Rite Aid discriminated against her daughter based on her daughter's gender. (Id. at ¶ 16). Specifically, Puidokas alleges that Rite Aid District Manager Rodney Bryant ("Bryant") held Puidokas to a standard he also applied to male managers, though Puidokas's daughter was not given commensurate responsibilities or compensation. (Id. at ¶ 17). When Puidokas's daughter protested that she was being discriminated against based on her gender, Bryant allegedly attempted to transfer her to another store. (Id. at ¶ 18). Bryant's attempts allegedly failed because of Puidokas's daughter's union membership. (Id.) Puidokas's daughter filed a charge against Rite Aid with the Equal Employment Opportunity Commission ("EEOC"). (Id. at ¶ 16).

Puidokas alleges that, having been unsuccessful in retaliating

against Puidokas's daughter, Bryant threatened to transfer Puidokas to another store. (Id. at ¶¶ 19, 20). Rite Aid was allegedly aware that Puidokas did not have a means of transportation to the other store. (Id. at ¶ 20). Rite Aid, at this point, invoked its policy against employees working in store locations alongside relatives. (Id. at ¶ 21). Puidokas alleges that, after speaking to her supervisor, Scott Luttrell ("Luttrell"), she faced the ultimatum of accepting a transfer to another store to which she had no transportation or seeing her daughter's employment terminated. (Id. at ¶¶ 22, 23). Puidokas decided to resign on December 18, 2008, after speaking with Luttrell. (Id. at ¶ 23).

Puidokas filed a charge of discrimination with the EEOC on January 9, 2009. (Id. at ¶ 11). The EEOC issued Puidokas a Notice of Right to Sue on August 5, 2009. (Id.) Puidokas cross filed her complaint with the Pennsylvania Human Relations Commission. (Id.)

Puidokas filed her complaint on November 3, 2009. (Doc. 1). Rite Aid moved to dismiss and Puidokas amended her complaint. (Docs. 5, 6). Rite Aid filed its motion to dismiss the amended complaint on February 3, 2010, bringing the case to its present posture. (Doc. 9).

**JURISDICTION**

The court has federal question jurisdiction over this civil rights action brought under 42 U.S.C. § 1983. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

**LEGAL STANDARD**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's

allegations are tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'"  Twombly, 550 U.S. at 555 (citation omitted).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  Phillips, 515 F.3d at 232 (citation omitted).  "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief."  Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, "we are not bound to accept as true a legal conclusion

couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

Puidokas's amended complaint alleges counts of gender discrimination (Count I) and retaliation (Count II) in violation of Title VII of the Civil Rights Act of 1964. Upon Rite Aid's motion to dismiss, Puidokas has withdrawn her claim for gender discrimination. (Pl.'s Br. in Opp. at 5 (Doc. 10)). Rite Aid's motion to dismiss the amended complaint will be denied as moot with respect to that claim. Puidokas's remaining claim is for retaliation.[1] Section 704(a) of the Civil Rights Act of 1964 (as amended, 42 U.S.C.A. § 2000e-3(a)) provides as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . .,[or] to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C.A. § 2000e-3(a).

---

[1] Puidokas has also withdrawn one of the theories underlying her retaliation claim– that of third party retaliation. (Pl.'s Br. in Opp. at 5 (Doc. 10)). Rite Aid's motion to dismiss will be denied as moot with respect to this theory. Puidokas's only remaining claim is based on perception theory retaliation.

4

Because Puidokas does not present direct evidence of retaliation, she proceeds under the theory of pretextual retaliation, and her claim will be analyzed under the McDonnell Douglas burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, "[t]he plaintiff first must establish a prima facie case of retaliation: [she] must show that (1) [she] was engaged in protected activity; (2) [she] was discharged subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the discharge." Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997) (citing Quiroga v. Hasbro, Inc., 934 F.2d 497, 501 (3d Cir. 1991)). If the plaintiff is able to establish a prima facie case of retaliation, then the defendant must "articulate some legitimate, nondiscriminatory reason" for the adverse action. Woodson, 109 F.3d at 920, n.2 (quoting McDonnell Douglas, 411 U.S. at 802). Once the defendant provides a conceivably legitimate reason for the adverse action, then the plaintiff must prove that the defendant's reason is, in fact, a pretext and that the defendant intentionally discriminated against her. Woodson, 109 F.3d at 920, n.2 (citing St. Mary's Honor Center v. Hicks, 509 U.S. 502, 512 (1993)).

Addressing the first element of the plaintiff's prima facie case for retaliation, Puidokas does not allege that she engaged in a protected activity. She claims, however, that Rite Aid perceived her as engaging in protected activity. Under a "perception theory" of retaliation, a defendant violates the anti-retaliation provision of Title VII if, believing that the plaintiff is engaged in a protected activity, it intentionally retaliates against the plaintiff because of its belief. Fogleman v. Mercy Hosp., Inc., 283 F.3d

561, 571 (3d Cir. 2002).[2]

In this case, Puidokas alleges that (1) Rite Aid believed that Puidokas helped her daughter file gender discrimination charges with the EEOC, (2) the same district manager that attempted to transfer Puidokas's daughter after Puidokas's daughter protested gender discrimination ultimately sought to transfer Puidokas, (3) the policy under which Rite Aid sought to transfer Puidokas was enforced selectively, and (4) supervisor Luttrell forced Puidokas to choose between accepting a transfer to a location to which she had no transportation or causing her daughter to be terminated. Rite Aid protests that Puidokas has no direct evidence that it believed Puidokas assisted her daughter in engaging in protected activity. We find that, viewing the complaint in a light most favorable to the non-moving party, Puidokas has adequately pleaded facts sufficient to state a plausible claim for relief. The circumstantial evidence which Puidokas alleges indicates a belief on the part of Rite Aid that Puidokas was involved in the daughter's protests of gender discrimination and that Rite Aid retaliated against Puidokas in accordance with its belief.

This analysis largely subsumes the second and third elements of a prima facie case of retaliation– whether the defendant subsequently took an adverse employment action against the plaintiff and whether that adverse action was causally linked to the protected activity. At this stage, because we credit Puidokas's allegations that Rite Aid essentially forced her to choose between resignation and her daughter's termination because

---

[2] Although Fogleman dealt with the anti-retaliation provisions of the Americans with Disabilities Act and the Age Discrimination in Employment Act, its holding is equally applicable to the anti-retaliation provision of Title VII, which is almost identical. 283 F.3d at 567 (citing Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997)).

Rite Aid believed she had assisted her daughter protest discrimination, we determine that Puidokas has satisfied her prima facie case. Accordingly, Rite Aid's motion to dismiss the complaint will be denied with respect to Puidokas "perception theory" retaliation claim.

**CONCLUSION**

For the reasons stated above, the defendant's motion to dismiss the amended complaint will be denied.[3]  An appropriate order follows.

---

[3] Rite Aid seeks an order compelling Puidokas to provide a more definite statement under Federal Rule of Civil Procedure 12(e). We note that such motions should be made before interposing a responsive pleading. Regardless, the request will be denied because Puidokas has already withdrawn her claim for gender discrimination and her claim for third-party retaliation which greatly clarifies the boundaries under which her case proceeds.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA PUIDOKAS,<br>　　　　Plaintiff | : | No. 3:09cv2147 |
| 　　v. | : | (Judge Munley) |
| RITE-AID OF PENNSYLVANIA, INC.,<br>　　　　Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 10th day of May 2010, upon consideration of the defendant's motion to dismiss the amended complaint (Doc. 9), it is HEREBY **ORDERED** that the motion is **DENIED**.

The plaintiff's withdrawn claims for gender discrimination and third party retaliation are HEREBY **DISMISSED**. The defendant's motion to dismiss is **DENIED**, as moot, with respect to these two claims.

The defendant's request for a more definite statement is **DENIED**.

　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　 s/ James M. Munley
　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　**United States District Court**